IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC KEVIN SECHLER,  :  | |
|     Plaintiff,  :  | |
|     v.  :  | Case No. 3:22-cv-3-KAP |
| DAVID THOMAS, *et al.*  :  | |
|     Defendants  :  | |

<u>Memorandum Order</u>

    The pending motions at ECF no. 26 and ECF no. 28 are denied without prejudice, and service is ordered, as more fully explained below.

    In January 2022 plaintiff Sechler filed a Complaint subject to the Prison Litigation Reform Act against two defendants, a police officer named Thomas and an EMT named Durst, in connection with events of May 30, 2021 in which Durst, Thomas, and a nondefendant police officer encountered Sechler during Sechler's overdose on fentanyl. According to the original Complaint, ECF no. 5, Thomas allegedly improperly administered Narcan to Sechler and Sechler also "got teeth knocked out" and "ha[s] scars from restraints being too tight." Sechler consented to Magistrate Judge jurisdiction and when I screened the complaint as required by the PLRA I dismissed the complaint as to Durst for lack of jurisdiction (there was no plausible allegation that the EMT acted under color of law) and ordered the complaint forwarded for service as to Thomas. Sechler then filed an Amended Complaint, ECF no. 6, naming only Thomas as a defendant, and Thomas was served and responded to the Amended Complaint.

    Meanwhile, shortly after my screening and service order, a panel of the Court of Appeals decided <u>Burton v. Schamp</u>, 25 F.4th 198 (3d Cir. Feb. 10, 2022), holding that in cases where only the plaintiff but not the defendants had consented to Magistrate Judge jurisdiction under 28 U.S.C.§ 636(b)(1)(C) the Magistrate Judge screening a complaint under the PLRA does not have jurisdiction to enter final judgment in the matter in favor of a defendant. In other words, the Magistrate Judge can either write a Report and Recommendation to a District Judge who has the power to enter final judgment regardless of consent, or forward the matter for service on the defendants and see if the defendants consent to the Magistrate Judge dismissing them.

    Meanwhile, the matter proceeded against defendant Thomas, who did consent to my jurisdiction, and there is a motion for summary judgment pending from Thomas, ECF no. 26, and a motion styled "Pretrial Motion for Discovery" from Sechler, ECF no. 28, which states in pertinent part "Plaintiff requesting <u>entire</u> vest camera footage from both [Thomas and the nondefendant officer] … . The copy I submitted was edited."

Because of recent applications of <u>Burton v. Schamp</u> the possibility exists that years after the dispute between Sechler and Thomas is resolved any party unhappy with the outcome could ask the Court of Appeals to vacate any judgment in this matter because of the lack of consent by Durst to being out of this case, notwithstanding that both parties who would be affected by that judgment have consented to my jurisdiction and Sechler has dropped Durst from the Amended Complaint.

Accordingly, the Marshal shall serve the original Complaint in this matter for service on defendant Durst, at the direction of the plaintiff. (Plaintiff shall send the Clerk directions for service, the Clerk shall forward the Complaint and other paperwork – including this Memorandum Order - to the Marshal, and the Marshal shall serve the papers on Durst, sending a waiver of service form to Durst first.) Costs of service shall be borne by the United States. When Durst has been served and decides whether he consents to my jurisdiction I will issue a new pretrial schedule.

DATE:  May 5, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Eric K. Sechler
871 Wambaugh Hollow Road
Berlin, PA 15530