IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC KEVIN SECHLER,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:22-cv-3-KAP |
| DAVID THOMAS, *et al.*<br>　　　Defendants | :<br>:<br>: |

Memorandum Order

  What is left in this case is this: plaintiff Sechler claims that defendant Thomas, a police officer, violated his civil rights by improperly administering Narcan when he and other persons responded to Sechler's overdose on fentanyl in a motel room in Somerset County on May 30, 2021. According to Sechler's complaint the Narcan caused him to react violently, causing physical injury to him and "to others." The injury to Sechler was broken teeth. The complaint as amended does not describe how this happened, but according to Thomas the injury was caused by Sechler's trying to bite officer and by Sechler's gnashing, chewing, and crushing of his own teeth when he was revived. The injury "to others," according to Thomas, was Sechler biting EMS personnel. Apparently Sechler was criminally charged for this conduct.

  Because the publicly available docket indicated that plaintiff is scheduled to be sentenced by Judge Bittner in Commonwealth v. Sechler, No. CP-56-CR-286-2023 (C.P. Somerset) on September 28, 2023, I attempted to resolve the pending discovery motion and motion for summary judgment by having the parties confer and call my courtroom deputy to propose some dates to meet live or by Zoom. That conference did not take place, and defense counsel states her correspondence to Sechler has gone unanswered.

  Under Fed.R.Civ.P. 56(f)(3) and Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986), a court has the power to issue a *sua sponte* order for summary judgment so long as the parties are notified that they must come forward with all relevant evidence. *And see* Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 224 (3d Cir.2004)(affirming *sua sponte* grant of summary judgment without notice on the grounds that notice may not be necessary in the presence of a fully developed record, or when the decision is based on a purely legal issue); Couden v. Duffy, 446 F.3d 483, 500 (3d Cir.2006)(affirming *sua sponte* grant of summary judgment to nonmoving parties). Even if Sechler can show that all the injuries he suffered were caused by the alleged improper administration of Narcan he has no claim if he cannot prove that Thomas administered it. Therefore, Sechler shall on or before August 29, 2023, produce any admissible evidence he has that defendant Thomas and not Officer Grus or someone else administered Narcan on May 30, 2021.

      Thomas shall supplement the pending motion for summary judgment by submitting in a viewable form any body-camera footage that exists, and may add any other supplement to the pending motion he may wish, on or before August 29, 2023.

DATE: August 1, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Eric K. Sechler
871 Wambaugh Hollow Road
Berlin, PA 15530